UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN HENRY TURNER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Nos. 1:99CV002-SNL |
| ) | 1:95CR19-SNL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This case originally filed pursuant to 28 U.S.C. § 2255 was opened as a civil action numbered 1:99CV002-SNL. It also involved a criminal action, U.S. v. John Henry Turner, Jr., No. 1:95CR19-SNL, and this order shall be filed in both the civil and the criminal case.

### Background

Following a jury verdict, the Court sentenced defendant, on March 19, 1996, to 372 months custody of the Bureau of Prisons on a conspiracy count. The sentence was affirmed on appeal. U.S. v. Turner, 104 F.3d 217 (8th Cir. 1997).

This Court, on January 20, 1999, denied petitioner's request for relief pursuant to 28 U.S.C. § 2255. A certificate of appealability was also denied. On March 22, 2005, the United States Court of Appeals for the Eighth Circuit denied petitioner's request for permission to file a successive habeas corpus petition.

The petitioner's January 9, 2006 motion to correct an illegal sentence is now before the Court. The government has responded in opposition, and petitioner has replied to the response.

Discussion

Petitioner's present complaint is an apparent <u>Blakeley</u>, <u>Booker</u> argument.[1]

This argument should be ruled against petitioner. In <u>United States v. Moss</u>, 252 F.3d 993 (8th Cir. 2001) the Court of Appeals held that the precursor to <u>Blakeley</u>, <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000) was not of watershed magnitude and that the holding of <u>Teague v. Lane</u>, 489 U.S. 288 (1989) barred the retroactive application of an <u>Apprendi</u> claim on collateral review. Similar reasoning prevents <u>Blakeley</u> from being applied retroactively in this case. <u>See</u> <u>Schriro v. Summerlin</u>, 124 S.Ct. 2519, 2522 (2004). ( A procedural rule applies only prospectively unless they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Ibid</u> at 2523. <u>See also</u> <u>Whorton v. Bockting</u>, 127 S.Ct. 1173, 1181 and 1182 (2007).

Petitioner raises no other issues that were not initially considered in the Court's earlier § 2255 order.

**IT IS THEREFORE ORDERED** that petitioner's "Nunc Pro Tunc Rule 35 Motion for Correction of Illegal Sentence or Motion to Amend Prior § 2255 Motion" is **DENIED**.

Dated this 14th day of March, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), <u>Blakeley v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), <u>U.S. v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).